Gillis E. Powell, Sr. City Attorney, City of Niceville
QUESTION:
Can the City of Neceville negotiate and contract directly with an independent contractor to provide residential garbage collection and disposal services to the city's inhabitants without advertisement and competitive bids?
SUMMARY:
The City of Niceville may, by virtue of broad home rule powers implemented by ss. 166.021(4) and (5), 166.031, 166.042(1), and 167.06 and ch. 180, F. S., establish a procedure for direct negotiation and contracting for residential garbage collection and disposal services without competitive bids; this may be accomplished by ordinance or by amendment to the charter.
Section 6 of the City Charter of Niceville provides:
 Contract for public work. — Any public work or improvement may be executed either by contract, or by direct labor, as may be determined by the council. . . . Contracts for all such work or improvement of an estimated cost of one thousand ($1,000) dollars or more shall be awarded to the lowest responsible bidder, after public advertisement and competition as may be prescribed by ordinance . . . . All other contracts in excess of three hundred ($300.00) dollars . . . shall be awarded to the lowest responsible bidder after public advertising and competition as may be prescribed by ordinance with the city manager having the power to reject all bids and readvertising. The advertising as to these contracts shall also contain a reservation of the rights set out in this section. (Emphasis supplied.)
This charter provision was enacted (as an amendment to the then existing city charter) by ch. 59-1613, Laws of Florida, 14 years prior to passage of the Municipal Home Rule Powers Act of 1973. The latter act, codified as ch. 166, F. S., was specifically enacted in recognition and implementation of the constitutional powers of home rule granted to municipal governments in Florida by s. 2(b), Art. VIII, State Const. See s. 166.021(1) and (3). Seealso s. 166.042(1); City of Miami Beach v. Forte Towers, Inc.,305 So.2d 764, 766 (Fla. 1975); and State v. City of Miami,379 So.2d 651, 653-654 (Fla. 1980); cf. AGO 079-79. Under these laws and authorities, the city may exercise any power for municipal services except when expressly prohibited by law. The only other limitation on its powers is that they must be exercised for a valid municipal purpose. State v. City of Sunrise, 354 So.2d 1206,1209 (Fla. 1978).
This office has previously opined that such charter acts were either repealed or converted to ordinances on October 1, 1973, the effective date of ch. 166, F. S., except for certain subject matters enumerated in s. 166.021(4) which are neither repealed nor converted to ordinances. The subject matter and charter provisions involved in your question do not appear to be affected by or relate to the subject matters expressly and specifically enumerated in s. 166.021(4).
In responding to a question of whether the governing body of a municipality might adopt an ordinance pursuant to s. 166.021, F. S., establishing a procedure for the letting of municipal contracts for the purchase of materials and supplies and for the construction of public works and public improvements that differed from that contained in the municipal charter, my predecessor in office stated that:
 In order to implement this broad grant of home-rule power to municipalities, ss. 166.021(4) and (5), id., nullified and repealed, or converted into ordinances, many provisions of municipal charters which constituted limitations on, or pertained exclusively to, the power or jurisdiction of municipalities. . . .
 None of the subject matters enumerated in s. 166.021(4), F. S., appear to relate to the type of charter provisions to which you refer. Thus, I am of the opinion that such provisions were nullified or repealed or converted into ordinances as of the effective date of the Municipal Home Rule Powers Act; and, since it is not clear to me that such provisions were nullified and repealed, I believe it is the safer course to assume that they have become ordinances. As such they are subject to modification or repeal as other ordinances. See s. 166.02(5), Id. [Attorney General Opinion 075-176.]
Cf. State v. City of Miami, supra, at pp. 653-654.
The rationale of the last-cited Attorney General Opinion and that of the Supreme Court applies to and controls your question with equal force and effect. The same result is reached whether the provisions of the last sentence of s. 166.021(4), F. S., or the terms of subsection (5) of that section govern or are applied to the instant inquiry. Attorney General Opinion 075-076 concluded that the affected municipality had the power under s. 166.021 to adopt an ordinance amending the procedure contained in its charter (antedating ch. 166, F. S.), relating to the letting of contracts for the purchase of materials and supplies and for the construction of public works and public improvements.
Furthermore, my research discloses no statutory provision which would prohibit the City of Niceville from directly negotiating and contracting with a private, independent contractor, without public advertisement and competitive bidding, to provide residential garbage collection, removal, and disposal services for the city's inhabitants. Such matters, and provisions for the regulation of collection rates and charges; delinquencies and recovery thereof; termination of garbage collection service on default of payment of duly imposed service charges or fees; and the fixing of such charges or fees by the governing body of the city, should be provided for by duly enacted ordinance. See ss. 166.041(1)(a) and166.201, F. S. If the city prefers to amend its charter to provide for the direct negotiation of municipal service contracts of any type or character without advertisement and competitive bids, it must submit any such proposed amendment, contained in a duly enacted ordinance, to a vote of the electors in accordance with s.166.031. See AGO's 075-176 and 079-80.
Alternatively, the city may avail itself of the supplemental powers granted by ch. 180, F. S., relating to the collection and disposal of garbage and contracts or franchises therefor with private companies or corporations. See ss. 180.14, 180.17, and180.20. Or, pursuant to s. 166.042(1), F. S., it may avail itself of the powers set forth in s. 167.06, F. S. 1971, subject to such terms and conditions as the governing body in its discretion may determine and choose to prescribe by appropriate ordinance.
Prepared by: Anne Curtis, Assistant Attorney General